UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| DANIEL CASTELLANOS-CONTRERAS, OSCAR RICARDO DEHEZA-ORTEGA, and RODOLFO ANTONIO VALDEZ-BAEZ, <br><br> on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DECATUR HOTELS, LLC and F. PATRICK QUINN III, <br><br> Defendants | Case No. 06-4340 <br> Sec. L, Mag. 1 <br><br> **Complaint – <br> Collective Action** |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

1.1. This action is brought by H-2B guest workers recruited by Defendants from foreign countries since Hurricane Katrina to work in the Defendants' luxury hotel operations in New

Orleans. The workers traveled to the United States from their home countries of Bolivia, Peru, and the Dominican Republic to perform guest services, housekeeping, maintenance, and other essential support functions in the hotel operations of the Defendants. Like thousands of other migrant laborers who have been lured to New Orleans in the aftermath of Hurricane Katrina,[1] the workers in this case left heir homes and families based on false promises of high earnings, stable jobs, and good living conditions.

    1.2. The Defendants brought the workers in this case to the U.S. pursuant to the H-2B "guestworker" program. As a part of the application for obtaining certification to bring H-2B guestworkers to the United States, the Defendants certified to the U.S. government that "qualified persons in the United States are not available" to fill the jobs. *See* 20 C.F.R. § 655.3. The Defendants made this assertion despite the fact that local U.S. workers, mostly African Americans, had previously worked in this industry in New Orleans and were available to do so again. The Defendants' goal in using foreign labor instead of seeking the services of U.S. workers was to drive down wages and working conditions.

    1.3. After the U.S. government approved the Defendants' application for H-2B guestworkers, the workers traveled to the U.S. from their home countries of Peru, Bolivia, and the Dominican Republic for these positions at enormous personal cost, plunging their families into debt. Under the H-2B program, the workers' immigration status is tied to their employment with the Defendants; they are prohibited from working for any other employer while in the U.S.

    1.4. In order to obtain the positions with the Defendants, all of the workers had to pay exorbitant sums of money, typically between $3500 and $5000. These sums included travel, visa, and recruitment fees, as well as other costs associated with the workers' trips to the U.S.

---

[1] *See* Browne-Dianis, *et al*, And Injustice for All: Workers' Lives in the Reconstruction of New Orleans (July 2006).

These sums were expended solely for the benefit of the Defendants, who never reimbursed the workers. The Defendants' failure to reimburse the workers' money in their first week of work was a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. As a result of these expenditures, the workers earned substantially less than the minimum wage in their first week of work. Indeed, workers' high level of ongoing debt has left them in virtual debt peonage, since they can neither pay off their debt by working for the Defendants nor lawfully work for any other employer to earn additional money.

1.5. Defendants exploited Plaintiffs' and other class members' indebtedness and lack of understanding of the laws of the U.S. to violate their legal rights. In recent weeks, their predicament has been complicated by the Defendants' failure to offer them forty hours of work each week.

1.6. The Plaintiffs seek a declaration that their rights have been violated, an award of unpaid wages, an award of liquidated damages, and an award of fees and costs to make them whole for damages they have suffered and to ensure that they and other H-2B workers will not be subjected by the Defendants to such illegal conduct in the future.

1.7. In addition, Plaintiff Daniel Castellanos-Contreras asserts a claim for money damages and injunctive relief related to unlawful retaliation for the assertion of his legal rights under the Fair Labor Standards Act. This claim is predicated upon the retaliatory firing of Plaintiff Daniel Castellanos-Contreras by the defendants, which occurred immediately after the filing of this lawsuit.

## II. **JURISDICTION**

2.1. Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of

Congress regulating commerce, and 29 U.S.C. § 216(b), this action arising under the FLSA.

2.2. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

### III. VENUE

3.1. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

### IV. PARTIES

4.1. At all times relevant to this action, Plaintiffs and the other class members were H-2B temporary foreign workers within the meaning of 8 U.S.C. §1101(a)(15)(H)(ii)(b).

4.2. The work performed by the Plaintiffs and other class members for the Defendants occurred within this District.

4.3. At all times relevant to this action, the Plaintiffs and the other class members were employees of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

4.4. At all times relevant to this action, the Plaintiffs and the other class members were employed by the Defendants within the meaning of 29 U.S.C. §203(g).

4.5. At all times relevant to this action, the Plaintiffs and the other class members were employed by the Defendants in an enterprise engaged in commerce or the production of goods for commerce.

4.6. Defendant Decatur Hotels, LLC is a Louisiana-based limited liability company based in this District.

4.7. At all times relevant to this action, Defendant Decatur Hotels, LLC employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 203(g).

4.8. At all times relevant to this action, Defendant F. Patrick Quinn III was an individual resident of Louisiana who conducted significant business in this District. He is a founder and

member of Decatur Hotels, LLC and serves as the President and Chief Executive Officer.

4.9. At all times relevant to this action, Defendant F. Patrick Quinn III employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 203(g).

## V. STATEMENT OF FACTS

5.1. The Defendants own and operate more than a dozen luxury hotels in New Orleans, Louisiana.

5.2. After Hurricane Katrina, Defendants filed multiple applications with the U.S. government to obtain permission to hire foreign guest workers from other countries on a seasonal or temporary basis, in accordance with the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

5.3. The Defendants sought these foreign workers to perform various service jobs, which jobs had been held prior to Katrina by U.S. workers. The H-2B workers' duties included maintenance, hotel services, housekeeping, and a variety of other service tasks.

5.4. The Plaintiffs and the other members of the class were admitted to the United States to be employed in Defendants' hotels.

5.5. Plaintiffs and the other class members were issued temporary visas, commonly referred to as "H-2B visas," as authorized by 8 U.S.C. § 1101(a)(15)(H)(ii)(b), its attendant regulations, 8 C.F.R. § 214.2(h)(6), 20 C.F.R. § 655.3, and administrative letters and/or guidance. The Plaintiffs and the other class members were admitted to the United States and were employed by the Defendants.

5.6. The Plaintiffs and other class members spent considerable sums of money to process their H-2B work visas and travel from their home cities and villages to the United States. These costs were incurred by the Plaintiffs and other class members for the primary benefit of their

Defendant employers.

5.7. As a result of the enormous sums of money the Plaintiffs paid as a pre-condition of their employment by Defendants, which costs have never been reimbursed, Plaintiffs did not earn the minimum wage in their first week of work. The Defendants thus failed to pay the Plaintiffs and the other members of the class the minimum wage for all the work they performed.

5.8. Shortly after the filing of this lawsuit, Defendants fired Plaintiff Daniel Castellanos-Contreras and ordered him to vacate the housing owned by the Defendants, where he had resided since his arrival in the United States.

5.9 The Defendants fired Plaintiff Daniel Castellanos-Contreras and ordered him to leave the housing because Castellanos-Contreras had asserted his rights under the Fair Labor Standards Act through this action and previous communications.

5.10. The Defendants' actions as described above constitute illegal retaliation for protected activity under the FLSA.

5.11. As a result of the Defendants' illegal retaliation, Daniel Castellanos-Contreras suffered substantial damages.

5.12 Other Representative Plaintiffs and opt-in Plaintiffs fear retaliation by Decatur Hotels LLC and F. Patrick Quinn, III because of their participation in this lawsuit.

## VI. COLLECTIVE ACTION ALLEGATIONS

6.1. All claims set forth in Count I are brought by Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

6.2. The named Plaintiffs seek to represent a class consisting of all those non-supervisory H-2B workers employed by the Defendants from August 29, 2005 until the date of filing of the

present action,

6.3. The precise number of individuals in the class is known only to the Defendants. The class is believed to include at least three hundred individuals.

6.4. The questions of fact and law are common to the class, including whether Defendant failed to pay named Plaintiffs and other class members the minimum wage in the first week of work, as required by law.

6.5. The claims of the named Plaintiffs are typical of the class, and these typical, common claims predominate over any questions affecting only individual class members. The named Plaintiffs have the same interests as the other members of the class and will vigorously prosecute these interests on behalf of the class.

## VII. COUNT I: FAIR LABOR STANDARDS ACT—Wage Claims
## (COLLECTIVE ACTION)

7.1. Plaintiffs incorporate herein all allegations made in Parts I-VI above.

7.2. Pursuant to 29 U.S.C. § 216(b), the named Plaintiffs have consented in writing to be party Plaintiffs in this FLSA action. Their written consents are attached to this complaint.

7.3. The Defendants violated 29 U.S.C. § 206(a) by failing to pay each of the Plaintiffs and others similarly situated the applicable minimum wage for every compensable hour of labor they performed.

7.4. The violations of the FLSA set out above resulted from the Defendants' failure to reimburse the Plaintiffs and others similarly situated for travel, visa, recruitment and other expenses they incurred, which were primarily for the benefit of the Defendants.

7.5. The Defendants' failures to pay the Plaintiffs and others similarly situated their federally mandated minimum wages were willful violations of the FLSA within the meaning of

29 U.S.C. § 255(a).

7.6. As a consequence of the Defendants' violations of the FLSA, the Plaintiffs and others similarly situated are entitled to recover their unpaid minimum and overtime wages, plus an additional equal amount in liquidated damages, costs of suit, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

### VIII.     COUNT TWO: FLSA -- Retaliation

7.7. Plaintiffs incorporate the allegations set forth above in the preceding paragraphs.

7.8. This count sets forth a claim by for declaratory relief, injunctive relief, and damages for Defendants' violations of the FLSA's anti-retaliation provisions.

7.9. Plaintiff Daniel Castellanos-Contreras and the other plaintiffs complained to the Defendants on or about August 2, 2006 about violations of their rights under the Fair Labor Standards Act. On August 16, 2006, Plaintiff Daniel Castellanos-Contreras and the other plaintiffs filed this lawsuit asserting their rights under the Fair Labor Standards Act.

7.10. These complaints constituted protected activity under the FLSA.

7.11. In response to these complaints, Defendants unlawfully retaliated against Daniel Castellanos-Contreras by firing him and ordering him to vacate his housing.

7.12. Defendants' conduct in response to protected activity violated the FLSA's anti-retaliation provisions, 29 U.S.C. § 215(a)(3).

7.13. As a result of Defendants' unlawful and retaliatory conduct as described above, Plaintiff Daniel Castellanos-Contreras suffered substantial damages.

7.14. As a result of Defendants' violations of the FLSA, Plaintiff Daniel Castellanos-Contreras is entitled to recover damages that arose as a result of Defendants' actions, and any

other legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3), pursuant to 29 U.S.C. § 216(b), including reinstatement. All Plaintiffs seek an order enjoining the Defendants from retaliating against the Plaintiffs, the Opt-In Plaintiffs and any of the Defendants' present or former H-2B workers, many of whom are prospective members of this collective action.

## PRAYER FOR RELIEF

1. Plaintiffs seek declaratory judgment against Defendants for willfully violating the Fair Labor Standards Act;

2. Under Count I, Plaintiffs and all others similarly situated seek judgment against Defendants on their claims under the Fair Labor Standards Act awarding each of these Plaintiffs and all other similarly situated individuals who opt-in to this action his/her unpaid overtime wages and an equal amount in liquidated damages;

3. Under Count II, Plaintiff Daniel Castellanos-Contreras seeks damages and such injunctive relief as may be appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3), , pursuant to 29 U.S.C. § 216(b);

4. Under Count II, all Plaintiffs seek an order enjoining the Defendants from retaliating against the Plaintiffs, the Opt-In Plaintiffs and any of the Defendants' present or former H-2B workers, many of whom are prospective members of this collective action.

5. Plaintiffs seek the award of all costs of this action;

6. Plaintiffs seek the award of all reasonable attorneys' fees; and

7. Plaintiffs seek all such further relief as this Court deems just and equitable.

Respectfully submitted this 24th day of August 2006

s/ Tracie L. Washington
Tracie L. Washington, Esq. – LSBA No. 25925
2606 Dryades Street
New Orleans, Louisiana 70113
TEL: 504.899.1889
tlwesq@cox.net

s/ Jennifer J. Rosenbaum
Jennifer J. Rosenbaum
Tennessee B.P.R. No. 022557
*Admitted Pro Hac Vice*
jennifer.rosenbaum@splcenter.org
Mary Bauer
Virginia Bar Number 31388
*Admitted Pro Hac Vice*
mbauer@splcenter.org
Andrew Turner
Virginia Bar Number 48853
*Admitted Pro Hac Vice*
aturner@splcenter.org
**Immigrant Justice Project**
**Southern Poverty Law Center**
400 Washington Avenue
Montgomery, Alabama 36104
334-956-8200
334-956-8481 (fax)

Melissa Crow
DC Bar Number 453487
*Admitted Pro Hac Vice*
**National Immigration Law Center**
1101 14th Street, NW
Suite 410
Washington, DC 20005
202-216-0261
202-216-0266 (fax)